

Send

SCANNED

1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9            CENTRAL DISTRICT OF CALIFORNIA

10

11   JUAN FLORES, et al.                    No. CV 01-00515 PA (SHx)

12              Plaintiffs,                 PRELIMINARY ORDER APPROVING
                                            SETTLEMENT BETWEEN PLAINTIFFS
13        v.                                AND DEFENDANT ALBERTSON'S, INC.

14   ALBERTSON'S, INC., et al.

15              Defendants.                 

16

17

18        The Court has before it Plaintiff's Motion for Preliminary Order Approving

19   Settlement Between Plaintiffs and Defendant Albertson's, Inc.  The Motion is

20   unopposed.  After reviewing the moving papers, as well as the declarations and

21   exhibits in support thereof, it is hereby ORDERED:

22        1.     This Preliminary Order incorporates by reference the definitions in the

23   Settlement Agreement, and all terms defined therein shall have the same meaning as

24   set forth in the Settlement Agreement.

25        2.     The Court hereby preliminarily approves the Settlement Agreement.

26        3.     A hearing ("Settlement Fairness Hearing") shall be held before this

27   Court on Monday, December 6, 2004, at 1:30 p.m., in Courtroom 15, to determine

28   whether the proposed settlement of the Class Action on the terms and conditions

613

1 | provided for in the Settlement Agreement is fair, reasonable and adequate, whether

2 | said settlement should be finally approved by the Court, and whether the Order and

3 | Final Judgment, as provided in the Settlement Agreement, should be entered herein.

4 | The Court may adjourn or continue the Settlement Fairness Hearing without further

5 | notice to the Settlement Class.

6 |     4.    The Court hereby approves, as to form and content, the Class Notice,

7 | and Claim Form annexed as Exhibits 3-4 to the Settlement Agreement.  The Court

8 | finds that the mailing of the Class Notice and Claim Form, which shall be

9 | substantially in the manner and form as set forth in the Settlement Agreement, and

10 | the additional measures as described in Section 4.5.3 of the Settlement Agreement,

11 | meets the requirements of due process, and is the best notice practicable under the

12 | circumstances, and shall constitute due and sufficient notice to all persons entitled

13 | thereto.

14 |     5.    The Court hereby appoints Rosenthal & Company LLC, 35 Leveroni

15 | Court, Suite 150, Novato, California 94949 as the Claims Administrator and hereby

16 | directs the Claims Administrator to mail or cause to be mailed, to members of the

17 | Settlement Class, the Class Notice and claim form. No later than 21 days following

18 | entry of the order granting Preliminary Approval, notice shall be given as follows:

19 |     (a)    The Claims Administrator shall cause to be mailed to each Class

20 | Member, to the last known address of each Class Member as reflected in Class

21 | Counsel's records, the following documents via First Class regular U.S. mail,

22 | postage prepaid: Notice of Class Action Settlement (Exhibit 3 to Settlement

23 | Agreement) and Standard Claim Form (Exhibit 4 to Settlement Agreement). The

24 | notice shall be in substantially the same content and form as Exhibit 3 attached

25 | hereto. A Spanish language translation (prepared by the Claims Administrator) of all

26 | materials mailed to members of the Settlement Class by the Claims Administrator

27 | shall be included as a part of the same mailing.

28 |

-2-

1             (b)     For any Class Notice returned to the Claims Administrator by the

2 U.S. Postal Service as not deliverable within 60 days of the original mailing date, the

3 Claims Administrator shall make prompt and reasonable efforts to locate the person

4 involved, using appropriate search methods.  Similarly, if new address information is

5 otherwise obtained, the Claims Administrator shall promptly re-mail the Class Notice

6 to the addressee via First Class regular U.S. mail, postage pre-paid, using the new

7 address.  The costs of printing and mailing such Class Notice shall come from the

8 Settlement Fund.  If the Claims Administrator is unable to obtain new address

9 information with regard to any Class Notice returned as non-deliverable within 60

10 days following the original mailing date, or if a Class Notice is returned as

11 non-deliverable more than 60 days following the original mailing date, the Claims

12 Administrator shall be deemed to have satisfied its obligation to provide the Class

13 Notice to the affected member of the Settlement Class.  In the event the procedures in

14 this paragraph are followed and the intended recipient of the Class Notice does not

15 receive the Class Notice, the intended recipient shall nevertheless remain a member

16 of the Settlement Class and shall be bound by all of the terms of this Settlement

17 Agreement and the Order and Final Judgment.

18             (c)     In all California Albertson's stores that contracted with Building

19 One or Encompass on or after January 1, 1994, the store director for each store shall

20 post a copy of the notice, which shall be in substantially the same content and form

21 as Exhibit 3 attached hereto. Each store director shall submit a written statement to

22 the Claims Administrator stating that the Class Notice has been posted in his or her

23 respective store.

24        6.     The Court hereby finds that members of the Settlement Class who wish

25 to participate in the settlement provided for in the Settlement Agreement must

26 complete, sign and return by mail the Claim Form (attached as Exhibit 4 to the

27 Settlement Agreement) to the Claims Administrator, in accordance with the

28 instructions and deadline specified on the Claim Form.  The Court hereby finds that

1  members of the Settlement Class who wish to exclude themselves from participation

2  in the settlement must do so in accordance with the instructions set forth in the Class

3  Notice.

4       7.    At least 5 days before the Settlement Fairness Hearing, the Claims

5  Administrator shall file a sworn statement evidencing its compliance with the

6  provisions of this Preliminary Order.

7       8.    The provisions of the Settlement Agreement concerning the Settlement

8  Fund and the distributions therefrom are preliminarily approved. No person who is

9  not a Named Plaintiff, an Eligible Class Member, Class Counsel or the Claims

10  Administrator shall have any right to any portion of, or to participate in the

11  distribution of, the Settlement Fund unless otherwise ordered by the Court or

12  otherwise provided in the Settlement Agreement.

13      9.    Members of the Settlement Class shall be bound by all determinations of

14  the Court, and by the Settlement Agreement and Order and Final Judgment, whether

15  favorable or unfavorable.

16      10.   Any member of the Settlement Class may appear and show cause, if he

17  or she has any, as to why the proposed settlement of the Class Action embodied in

18  the Settlement Agreement should or should not be approved as fair, reasonable and

19  adequate, or why the Order and Final Judgment should or should not be entered on

20  the proposed Settlement Agreement; provided, however, that no Settlement Class

21  member or any other person shall be heard or entitled to contest the approval of the

22  terms and conditions of the proposed settlement, or, if approved, the Order and Final

23  Judgment to be entered thereon approving the same or the fees and expenses to be

24  awarded, unless on or before the date specified in the Settlement Agreement, that

25  person has served by hand delivery or by First Class regular U.S. Mail written

26  objections and copies of any papers and briefs in support of their position and

27  verification of their membership in the Settlement Class upon Class Counsel, Bahan

28  & Associates, Attn: Della Bahan, Esq., 128 North Fair Oaks Avenue, Pasadena,

1    California 91103; and counsel for Albertson's, Baker & Hostetler LLP, Attn.: Naomi

2    Young, Esq., 333 South Grand Ave., Suite 1800, Los Angeles, CA 90071, and, in

3    addition, filed their objections, papers and briefs with the Clerk of this Court. In

4    order to be valid, the papers must be filed with the Clerk of this Court and received

5    by all of the above counsel by the date specified in the Settlement Agreement.

6        11.    Any member of the Settlement Class who does not make his or her

7    objection in the manner provided for in this order shall be deemed to have waived

8    such objection and shall forever be foreclosed from making any objection to or

9    appeal of the fairness, reasonableness or adequacy of the proposed settlement, to

10    the calculation and distribution of any Settlement Award or special payment, and to

11    the award of fees and costs to Class Counsel and fees and costs to the Claims

12    Administrator, and all other costs, all as set forth in the Settlement Agreement, the

13    Preliminary Order, and the Order and Final Judgment.

14        12.    All attorneys' fees, costs and expenses to Class Counsel ultimately

15    approved by the Court -- in an amount not to exceed $1,375,000 -- shall be paid for

16    as provided in the Settlement Agreement. Upon such payment, Albertson's, the

17    Released Parties, Albertson's' counsel, and the Claims Administrator shall have no

18    further liability or responsibility to Class Counsel, or to any vendors or third parties

19    employed by the Named Plaintiffs or Class Counsel, for attorneys' fees, costs and/or

20    expenses incurred by the Named Plaintiffs or Class Counsel on behalf of the

21    Settlement Class in the Class Action.

22        13.    All costs of settlement and claims administration, including the mailing

23    of Class Notice, shall be paid for as provided in the Settlement Agreement.

24        14.    To the extent permitted by law, and pending a final determination as to

25    whether the settlement contained in the Settlement Agreement should be approved,

26    members of the Settlement Class, whether directly, representatively, or in any other

27    capacity, and without regard as to whether or not such persons have appeared in the

28    Class Action, shall not institute or prosecute any Settled Claims against the Released

1   Parties. All other litigation against Albertson's or Lucky in which a member or

2   members of the Settlement Class seek compensation for janitorial work performed in

3   any of Albertson's or Lucky stores in California since January 1, 1994, pursuant to or

4   in connection with any contracts between Albertson's or Lucky and Encompass

5   Services Corporation ("Encompass"), Building One Service Solutions, Inc.,

6   ("Building One") and/or any predecessor or successor company or companies of

7   Encompass or Building One is stayed pending the Settlement Fairness Hearing in

8   this litigation.

9        15.    The Court reserves the right to adjourn or continue the date of the

10  Settlement Fairness Hearing without further notice to the Settlement Class, and

11  retains jurisdiction to consider all further applications arising out of or connected

12  with the proposed settlement.

13       IT IS SO ORDERED.

14  DATED: July 29, 2004

15

16

17                                          Percy Anderson
                                            UNITED STATES DISTRICT JUDGE

18

19

20

21

22

23

24

25

26

27

28